# Hensley v. Miller.

(Decided Dec. 20, 1935.)

R. A. DUNN for appellant.

GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This case was begun in the Breathitt circuit court by H. H. Miller, the appellee, suing Price Hensley (here the appellant) to recover damages for his charged trespassing upon a certain portion of his land adjoining that of the defendant; to be adjudged the owner of the tract in controversy; and for an injunction restraining defendant from committing further trespasses thereon.

By his petition Miller alleges that he is the owner of the two tracts of land (being therein described as tracts Nos. 1 and 2, which are embraced in the two patents issued by the commonwealth to Kier Webb in 1866); that within the exterior boundary lines of these two tracts there are embraced and located three fifty-acre tracts (described in the petition as tracts A, B, and C), which represent and have as their boundary lines the three fifty-acre patents, Nos. 25449, 25451, and 40481, which were issued by the commonwealth to Caleb Puckett in 1866.

Plaintiff states that on March 4, 1918, he sold and conveyed unto one H. H. Hensley the surface rights in these tracts A, B, and C, but in the conveyance reserved unto himself all the mineral and certain named timber rights therein.

The appellant, Price Hensley, claims under his father, the grantee, H. H. Hensley, the surface rights in these tracts A, B, and C, conveyed his father by Miller and which it is admitted he acquired from him in 1920.

Plaintiff further states that it is admitted that all of the surface land in Tract C, or Puckett patent 40481, was conveyed to H. H. Hensley under whom he now claims it.

The description of this last-named tract C is as follows:

"Begining at two beeches and maple near mouth of Big Rockhouse branch; thence up said branch N. 31½ W. 28 poles to a beech and maple; N. 2 E. 28 poles to a spruce pine; N. 14 E. 26 poles to a beech; N. 80 W. 30 poles to a beech; N. 31½ W. 100 poles; S. 50 W. 52 poles; S. 31½ E. 185 poles; N. 62 E. 37 poles to the beginning."

The plaintiff, Miller, by his petition charges that Price Hensley is going outside and beyond the proper boundary lines of this tract C and is committing acts of trespass and waste upon his land adjoining, contending that same is within the boundary lines of Tract C, when same is properly located.

The appellant, Price Hensley, answered setting out the fact of his purchase of the land embraced within the boundary line of this tract C (Puckett patent 40481) from his father in 1920, when he had moved onto and taken possession of the same, claiming and occupying it under and according to the named boundary thereof, which he insists embraced the small three-acre tract of land here involved, which plaintiff alleges he owns and that it lies outside the boundary line of tract C.

The controversy between the parties as to the ownership of this tract C thus appears to have arisen, not over the calls of the boundary line of this fifty-acre tract C, but as to what is the proper location of this particular boundary. If it is located as contended for by plaintiff, and as sustained by his evidence, it results that the defendant (here appellant) has, as charged by plaintiff, gone outside the boundary line of this tract C and committed acts of trespass upon the adjoining lands of plaintiff. But, on the other hand, if the boundary is located as contended for by appellant, his charged acts of trespassing thereon, cutting timber, and cultivating same were done by him on his own land, for which the plaintiff is not entitled to recover.

The conflicting contentions of the parties as to what is the proper location of the boundary line of this tract C arises out of their conflicting claims as to where is located its starting point or beginning corner, the description of the point of beginning and courses therefrom, according to the call of Miller's deed to Hensley and also of the Puckett patent (by the calls of which it was made), is that the line begins "at two beeches and maple near mouth of Big Rockhouse branch; thence up said branch N. 31½ W. to a beech and maple; N. 2 E. 28 poles to a spruce pine," etc.

It is the contention of the plaintiff that this beginning corner should be located at a point very near or within 7 or 8 feet of the mouth of the Big Rockhouse Branch, where it unites with the Rube Patrick fork of Little Canary creek, and where ther formerly stood, as locating and identifying the description of the call, a marked beech tree on the bank of the branch; also, that the second call of the patent, "thence up said branch N. 31½ W. 28 poles to a beech and maple," should, he insists, be run according to the call of the second line, "thence up said branch," along with this fork or branch as near a straight line as it could follow the meanderings of the crooked stream, and that the proper location of the boundary, in conformity therewith, is shown on the map filed by the surveyor, John B. Conley, with his deposition.

On the other hand, appellant contends that the proper location of this Caleb Puckett patent involved should follow the running of these lines as made by Woolery's survey, which was in turn followed by E. P. Monyhan, a surveyor and witness for defendant, who located the beginning point or corner of the survey of this tract at a distance of some 48 or more feet from that fixed by Conley, near the mouth of the branch, which point of beginning, he testifies, he reached by first running to the spruce pine corner call of the third line and then reversing back therefrom to the named beginning point.

The evidence as to what is the proper location of this beginning corner is very stoutly contested by the parties, basing same on many prior surveys made of this tract, and the testimony of many witnesses, professing long familiarity with and knowledge of its calls and beginning point, was introduced in support of these conflicting claims made by the litigants.

The surveyor, John B. Conley, states that he had made three surveys of this land here involved, the first in 1904, the second in 1914, and the third in 1934, in all of which he started at the same beginning corner as called for by the deed, near the mouth of the branch where then stood the marked beech, and which was generally recognized as the beginning or corner of the boundary lines of this tract; that in his later survey of the tract made in 1914, this marked beech was then there, marking the corner, at which point he began and ran out the whole patent; that at the time of his last survey in 1934, the marked tree was gone, but the corner was still marked; also, that the location of the house, as designated by letter mark on his survey, was near this line, but that it stood not within the boundary of this Puckett patent as so located, and therefore was not owned by appellant, but was located somewhat beyond and outside his boundary line and thus shown to be on the land of appellee.

Further, it is testified by Lish Hensley, brother of the appellant, that the small three-acre strip of land here involved laid outside of the Puckett patent claimed by his father, the beginning corner of which was known and recognized by his father and the public generally as being near the mouth of the branch, at the point where the marked beech stood, and that his father never made any claim of ownership to the small house standing near the boundary line, erected by Miller, but recognized that it stood outside his boundary and on Miller's adjoining land.

We do not deem it needful to here extend this opinion with a further discussion of the conflicting testimony given by the parties' many witnesses upon this point and also as to appellant's claim of adverse possession of the disputed tract, as the same may well be regarded as reasonably supporting the position of either appellant or appellee. It was quite ample, if not preponderantly in favor of the appellee, to establish his claim that the complained of trespasses were committed by appellant upon land lying outside of appellant's boundary and belonging to Miller.

Such was the finding and ruling of the learned trial judge, who having adjudged the true location of the disputed tract to be that made and shown by the Conley

map, supra, the court perpetually enjoined the appellant from entering upon the lands of appellee lying outside the three excluded boundaries and from cutting timber and committing other trespassses thereon, and further, it appearing that appellant was in possession of a portion of the land adjudged plaintiff, plaintiff was adjudged entitled to a writ of possession thereof and recovery of his costs.

The learned chancellor's views being in harmony with those we entertain, and also in deference to the well-established rule that even where our minds are left in doubt as to the propriety of the chancellor's findings of facts upon the evidence, the same are not to be disturbed, we conclude the judgment should be, and it is, affirmed.

Judgment affirmed.

Whole court sitting.